UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:16-cr-153-J-34JRK

MICHAEL EUGENE WILLIAMS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, MICHAEL EUGENE WILLIAMS, and the attorney for the defendant, Lisa Call, Esq., mutually agree as follows:

## A.      Particularized Terms

1.      Count Pleading To

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with sex trafficking of a child, in violation of 18 U.S.C. §§ 1594 and 1591(a).

2.      Minimum and Maximum Penalties

*LC MW Two*

Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to life imprisonment, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100.

Defendant's Initials _MW_                          AF Approval _BB_

With respect to Count Two and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life, and an additional term of supervised release can be imposed. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years, and an additional term of supervised release can be imposed.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual

Defendant's Initials _𝓜𝒲_        2

involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First: The Defendant knowingly attempted to recruit, entice, harbor, provide, obtain, advertise, maintain, patronize or solicit by any means a child;

Second: that the defendant did so knowing or in reckless disregard of the fact that the person had not attained the age of 14 years and would be caused to engage in a commercial sex act; and

Third: that the Defendant's acts were in or affected commerce.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Count One and Counts Three through Eight, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), 18 U.S.C. § 2248, 18 U.S.C. § 2259, and 18 U.S.C. § 2327, defendant agrees to make full restitution to minor victim with initials L.S.

6. Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.

Defendant's Initials _MW_          4

The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 1594, whether in the possession or control of the United States, the defendant or defendant's nominees. The defendant specifically agrees and consents to the administrative forfeiture of an LG cell phone, Model H631, Serial Number 512CYZP692221, seized from the defendant by the Immigration and Customs Enforcement on October 21, 2016.

In addition, the assets to be forfeited specifically include, but are not limited to, the following:

a.    an LG-MS631 cell phone, Serial Number 508CYRN334030; w/ battery;

b.    an AT&T 2Wire Router w/ power cords, 3600HGV, Serial Number 911219009683; and

c.    an LG-LK430 G Pad F 7.0 (Tablet), IMEI 357109065385955, 089660032605473685, w/ keyboard/blue case,

Defendant's Initials _*MW*_          5

seized from the defendant on July 7, 2016, which assets contained visual depictions of minors engaging in sexually explicit conduct or were used to facilitate the attempted sex trafficking of a minor (Count Two). The defendant further herein consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the

forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any

Defendant's Initials  _JWW_                7

records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _*M(W)*_          8

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

9.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the

Defendant's Initials _MW_          9

defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.** **Standard Terms and Conditions**

    1.   Restitution, Special Assessment and Fine

       The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and

execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual

Defendant's Initials _𝓂𝓌_                11

information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain

from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to

Defendant's Initials _*MW*_ 13

withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind

Defendant's Initials _MW_     14

other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the

assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _*MW*_          16

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 30th day of May, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

_____
MICHAEL EUGENE WILLIAMS
Defendant

_____
KELLY S. KARASE
Assistant United States Attorney

_____
LISA CALL
Attorney for Defendant

_____
FRANK TALBOT
Assistant United States Attorney
Acting Chief, Jacksonville Division

Defendant's Initials _MW_                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 3:16-cr-153-J-34JRK

MICHAEL EUGENE WILLIAMS


## PERSONALIZATION OF ELEMENTS

1.  Between on or about February 25, 2016, and on or about September 28, 2016, did you attempt to recruit, entice, harbor, provide, obtain, advertise, maintain, patronize and solicit a minor child?

2.  Did you do so knowing or in reckless disregard of the fact that the child had not attained the age of 14 years and would be caused to engage in a commercial sex act?

3.  Were your acts in or affecting interstate commerce?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:16-cr-153-J-34JRK

MICHAEL EUGENE WILLIAMS

FACTUAL BASIS

Beginning at least as early as February 25, 2016 and continuing through on

or about September 28, 2016, Defendant Michael Eugene Williams solicited an

adult woman in Texas to sexually abuse her 4-year-old daughter, take photographs

of the abuse and sell the photographs to Defendant Williams. An investigation of

Defendant Williams began in late May 2016, when an Internet Crimes Against

Children Task Force Detective with Jacksonville Sheriff's Office ("JSO") received a

Cyber Tip from the National Center for Missing and Exploited Children. The Cyber

Tip established probable cause that the user of the michaelredeemed@gmail.com

email address and Google Drive account, who was Defendant Williams, was

sharing child pornography. JSO obtained a search warrant for Williams's residence

and seized multiple electronic devices from Williams to include an LG wireless

telephone and an LG tablet.

A forensic examination of the LG wireless telephone and LG tablet revealed that Williams had collected at least 453 images and 5 videos of child pornography, many of which files depict the graphic sexual abuse of infants and toddlers. In addition to his collection of child pornography, a JSO forensic examiner found text communications between Williams and an adult woman in Texas beginning on January 19, 2016, and continuing to the date of the search warrant, July 7, 2016. During this time period, there were approximately 337 messages between Williams and the woman, mostly about her 4-year-old daughter.

Williams repeatedly requested pornographic pictures and videos of the 4-year-old girl. He indicated he was willing to provide money in exchange for the pictures and videos he sought. Williams urged the mother to engage in sexual acts with her child and to have her child perform sexual acts on others. For example, on February 26, 2016, Williams requested via text message that the mother send him two "R"-rated movies of her child. When the mother declined because the child's father was awake, Williams responded, "That's ok get him in on the action too... Film [minor victim] yankin his cock and you sucking it."

Williams requested the mother photograph or film the sexual abuse of her 4-year-old, soliciting on March 9, 2016, "Sure could you take one more with your lil finger going inside her kitty and you massing her clit? And if you lick her kitty I will make it 50 dollars." Williams repeatedly urged the mother to perform oral sex on

her 4-year-old daughter in exchange for money. Williams sent at least 19 Western Union wire transfers to the mother for the payment of visual depictions of the sexual abuse of the minor, which were funded by Williams's retirement income from his career as an officer with the Jacksonville Sheriff's Office.

Immediately upon discovery of the depictions of sexual abuse of the 4-year-old, Homeland Security Investigations and Jacksonville Sheriff's Office contacted federal and local law enforcement in Texas near the mother's home and the child was removed from the abusive environment. In an interview with the mother, she indicated she had recently been in contact with Williams via Kik messenger and that she had communicated with him as recently as September 2016.

Homeland Security Investigations applied for and obtained a federal search warrant to search Williams's residence and did so on October 21, 2016. Agents discovered an LG wireless telephone that belonged to Williams in Williams's bedroom. It contained videos of the 4-year-old victim engaging in sexually explicit conduct. This included a 4-second video, which Williams received on September 28, 2016, depicting the 4-year-old child nude laying on her back with her legs spread apart, displaying her genitals with her knees pulled up on either side of her. She is depicted rubbing a purple popsicle over her bare genitals, which are the focal point of the video. Williams responded to the video stating, "Mmmm I love grape can I lick it off?" He continued to say, "Can I lick it? It looks so wet and juicy." The

Defendant's Initials _MW_     21

mother responded, "That guarantees me the money," to which Williams replied,

"Yeah baby...you got Daddy jerking off now...can you get a longer video of her?"